```
 1                UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
 2

 3   ------------------------------x

 4   GLOUCESTER FISH EXCHANGE, INC.:   DOCKET NUMBER 09CV10694
           PLAINTIFF                :
 5              versus              :  UNITED STATES COURTHOUSE
     GARY LOCKE, ET AL              :
 6        DEFENDANTS                :  BOSTON, MASSACHUSETTS

 7   ------------------------------x

 8
                            JUNE 30, 2009
 9

10                           11:00 a.m.

11
                         TRANSCRIPT OF HEARING
12

13   BEFORE:   THE HONORABLE DOUGLAS P. WOODLOCK
               UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19                     **OFFICIAL COURT REPORTER**

20       **DIANE M. MOLAS, RPR, DE & MA CSRs, AND NJ CCR**
                     **OFFICIAL COURT REPORTER**
21     **UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS**
                         **ONE COURTHOUSE WAY**
22           **THIRD FLOOR - COURTROOM 1 - SUITE 3200**
                         **BOSTON, MA 02210**
23                  **TELEPHONE: (267) 977-2909**
                   **E-MAIL:  Dmolas1@aol.com**
24
          PROCEEDINGS REPORTED USING MACHINE STENOGRAPHY.
25     TRANSCRIPT PRODUCED EMPLOYING COMPUTER-AIDED TECHNOLOGY.
```

```
 1   APPEARANCES:

 2      ATTORNEY FOR THE PLAINTIFF:

 3          BURNS & LEVINSON, LLP

 4              BY:   PAUL T. MUNIZ, ESQUIRE
                      125 SUMMER STREET
 5                    BOSTON, MA 02110
                      TELEPHONE:  617-345-3494
 6                    E-MAIL: pmuniz@burnslev.com
                      FAX: 617-345-3299
 7

 8      **ATTORNEY FOR THE UNITED STATES OF AMERICA:**

 9          MICHAEL J. SULLIVAN, ESQUIRE
            UNITED STATES ATTORNEY
10          UNITED STATES DEPARTMENT OF JUSTICE
            UNITED STATES ATTORNEY'S OFFICE
11          DISTRICT OF MASSACHUSETTS
            ONE COURTHOUSE WAY
12          SUITE 9200
            BOSTON, MA 02210
13          TELEPHONE: (617) 748-3800
            E-MAIL:  Anton.giedt@usdoj.gov
14
                BY:  ANTON P. GIEDT, ESQUIRE
15                   **ASSISTANT UNITED STATES ATTORNEY**

16
            ALSO PRESENT:
17
                NORMAN C. SPECTOR, ESQUIRE
18              CHAIRMAN
                FINANCE GROUP
19              BURNS & LEVINSON
                125 SUMMER STREET
20              BOSTON, MA 02110
                TELEPHONE:   617-345-3677
21              E-MAIL:  Nspector@burnslev.com

22

23

24

25
```

DIANE M. MOLAS, RPR, DE & MA CSRs, and NJ CCR
USDC - MAD
OFFICIAL COURT REPORTER

```
 1   OFFICIAL COURT REPORTER:

 2         DIANE M. MOLAS, RPR, DE & MA CSRs, and NJ CCR
           OFFICIAL COURT REPORTER
 3         UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
           ONE COURTHOUSE WAY
 4         THIRD FLOOR - COURTROOM 1 - SUITE 3200
           BOSTON, MA 02210
 5         TELEPHONE: (267) 977-2909
           E-MAIL:  Dmolas1@aol.com
 6

 7

 8

 9

10                            -  -  -

11

12

13

14
                          P R O C E E D I N G S
15
                                HEARING
16

17         THE DEPUTY CLERK:  All rise.

18         This Honorable Court is now session.

19         You may be seated.

20         Calling the case, Civil Action 09-10694,

21   Gloucester Fish Exchange, Inc., versus Gary Locke, et al.

22         Will counsel please identify themselves, for the

23   record.

24         MR. MUNIZ:  Paul Muniz, Your Honor, for the

25   plaintiff, Gloucester Fish Exchange.
```

1        MR. GIEDT:  Anton Giedt, for the
2 Department of Commerce, Your Honor.
3        THE COURT:  Alright.
4        I wanted to have you in, even though you've got the
5 stipulation, to make sure I understood what's going on.
6        The Counts 2 and 3, in the Amended Complaint, only
7 have to do with a ten-day order; is that right?
8        MR. MUNIZ:  Well, the ten-day order and a potential
9 twenty-day suspension ordered in the supplemental decision
10 that's on appeal here, Your Honor.
11        THE COURT:  Well, that's why I guess I was a little
12 concerned.
13        You're putting me off on -- not putting me off, but
14 scheduling for administrative review the twenty-day order.
15        MR. MUNIZ:  Yes, Your Honor.
16        THE COURT:  Decision.
17        And I want to understand why I would be dealing
18 with the twenty-day order in advance, rather than after
19 resolution of the administrative procedure case.
20        MR. MUNIZ:  As an accommodation to the
21 U. S. Attorney's Office, we agreed to an extension, but I
22 think the intent was to resolve the ten-day suspension
23 order --
24        THE COURT:  Right.
25        MR. MUNIZ:   -- immediately, because the agency is

1  very anxious to go forward with that suspension, and that was
2  the sense of urgency we had to get in here last week.
3              THE COURT:  Okay.
4              Well, maybe, Mr. Giedt, you can tell me.
5              MR. GIEDT:  That was the intention, sir,
6  Your Honor, to sever the twenty-day and the civil penalty from
7  the ten-day.
8              THE COURT:  Okay.
9              MR. GIEDT:  And, the ten days, the only thing we
10 want to proceed with in the next several weeks.
11             THE COURT:  Okay.
12             The reason I asked is:  I wasn't sure I was reading
13 the Complaint -- the Amended Complaint -- properly here, but
14 the short of it is:  The expedited part of it is really to
15 deal with the ten-day suspension.
16             MR. MUNIZ:  That's correct, Your Honor.
17             MR. GIEDT:  That's correct.
18             THE COURT:  And there won't be a question of a
19 twenty-day suspension until after the resolution of the
20 administrative proceeding.
21             MR. GIEDT:  That's correct, Your Honor.
22             MR. MUNIZ:  That's correct.
23             THE COURT:  Okay.
24             Count 1.
25             Now, you want to come in sometime on or about

1  July 24.

2         So let me see if I can . . .

3                      (Pause.)

4         THE COURT:  How about July 15?

5                       - - -

6                    (No response.)

7                       - - -

8         THE COURT:  2:30?

9         MR. MUNIZ:  That would be fine, Your Honor.

10        The only issue there is, the agency agreed to

11 provide a brief, by the Tenth, and give us five days to file a

12 reply brief if we did.

13        That puts us beyond the Tenth -- excuse me --

14 beyond the Fifteenth, but we could certainly work to get

15 something to you by the Fifteenth, the day of the hearing.

16                      - - -

17                    (Pause.)

18                      - - -

19        THE COURT:  Now, with respect to -- I really

20 want -- I think I want to put it on the Fifteenth.

21        Let me just make one further look at this.

22                    (Pause.)

23        THE COURT:  Why don't we make it, then, Monday, the

24 Twentieth?

25        So you'd be filing on the Fifteenth your reply

1  brief; is that it?
2              MR. MUNIZ:  The Seventeenth.
3              THE COURT:  The Seventeenth?
4              MR. MUNIZ:  Five business days.
5              THE COURT:  Do it on the Sixteenth, just so I have
6  some time to absorb it, we both have some time to absorb it,
7  and, then, we'll deal --
8              MR. MUNIZ:  Certainly, Your Honor.
9              THE COURT:  -- with the Twentieth, at 3:30, okay?
10             MR. MUNIZ:  Thank you, Your Honor.
11             MR. GIEDT:  Thank you, Your Honor.
12             THE COURT:  One other thing, because it's a little
13 bothersome to me, reading through the affidavit and the
14 plaintiff's memorandum, but I am concerned about the publicity
15 issue here that's raised, and, so, Mr. Giedt, I'd like to have
16 from any agency personnel who are involved in publicizing this
17 action an affidavit of what they did and to whom they spoke
18 and at what time here, if it's to be believed it was a setup,
19 and it's bothersome, so I want to understand that more fully.
20             MR. GIEDT:  Just to be clear, Your Honor, you want,
21 regarding the allegations in the affidavit of Mr. Ciulla --
22             THE COURT:  Right.
23             MR. GIEDT:   -- regarding the NMFS agents and
24 comments that were made to the press.
25             THE COURT:  Yes.

1    MR. GIEDT: Or alleged comments to the press.

2    THE COURT: Right.

3    When the press was contacted, under what
4    circumstances, what was said to them that caused them to show
5    up there, in advance of notice to the here plaintiff.

6    This just means that you have a larger brood to
7    care for in all of this, but I am quite concerned and have
8    become quite concerned about various federal agencies who, as
9    acts of self-promotion, engage in this kind of activity.

10   It is relevant, as far as I'm concerned, for
11   purposes of injunctive relief, but it's, also, relevant, in
12   terms of exactly what they think they're doing in cases that
13   are likely to show up in this court, and the opportunity to
14   bring charges is not an opportunity to make one's name in the
15   paper.

16   So whoever has been involved, everybody who has
17   been involved, I want affidavits from that tells me what they
18   did, okay?

19   MR. GIEDT: And that's just affidavits concerning
20   the publicity.

21   THE COURT: Concerning the publicity, right.

22   Now, what media outlets they called, what they said
23   to those media outlets, what they undertook to do.

24   MR. GIEDT: Okay.

25   THE COURT: So, if you can have that by the

1  Fifteenth, as well?

2          MR. MUNIZ:  Okay.

3          MR. GIEDT:  Okay.

4          THE COURT:  Anything else that we need to talk

5  about, at this point?

6          MR. MUNIZ:  No, I think --

7          THE COURT:  Go ahead.

8          MR. MUNIZ:  We agreed the agency would not go

9  forward with the suspension of the license, until the decision

10 was rendered.

11         I just wanted to make sure that that's clear from

12 the record.

13         THE COURT:  No, it's clear to me, anyway, in the

14 stipulation here.

15         The final sentence of Paragraph 6 of the

16 stipulation is:  During the pendency of The Court's review,

17 the supplemental decision, the Government agrees to suspend

18 enforcement of the civil penalty and the twenty-day sanction

19 under the supplemental decision, until The Court rules on the

20 supplemental decision.

21         That's my understanding.

22         MR. MUNIZ:  Right.

23         That's the twenty-day suspension.

24         THE COURT:  Yes, I understand.

25         MR. MUNIZ:  And it's my understanding that the same

1    parameters would apply to the ten-day suspension.
2            THE COURT:  Right.
3            And that's Paragraph 5.
4            MR. MUNIZ:  Right.
5            MR. GIEDT:  Paragraph 5, yeah.
6            THE COURT:  Which says that, as long as it's
7    acceptable, the schedule is acceptable to me, which it is, the
8    Government will suspend enforcement until after The Court
9    rules on the enforceability of the ten-day suspension.
10           MR. GIEDT:  And the Government accepts The Court's
11   schedule.
12           THE COURT:  Right.
13           MR. GIEDT:  As modified here.
14           THE COURT:  One other thing:  Is there any reason
15   why, for that one, we just don't make it merged into the
16   merits' issue?
17           That is, it's styled as a Preliminary Injunction
18   hearing or Temporary Restraining Order.
19           It's no longer a Temporary Restraining Order,
20   because there is notice of that.
21           Is there any reason why we can't deal with
22   finality; that is, the ten-day suspension?
23           MR. GIEDT:  From -- from our standpoint, it's -- it
24   stands on its own.
25           THE COURT:  Right.

1            MR. GIEDT:  It's operative when the agency issued a
2    final determination.
3            THE COURT:  Right.
4            MR. GIEDT:  On the latter violation, so --
5            THE COURT:  Well, all I'm getting at is this:  I
6    don't know why -- and maybe you'll advise me, but I don't know
7    why -- I should be taking two cracks at it, once on a
8    Preliminary Injunction basis and once on the merits, at some
9    point.
10           That's going to be resolved on the merits.
11           Is there any reason we can't just resolve it on the
12   merits in this briefing schedule?
13           MR. MUNIZ:  I believe we could.
14           The only issue I have, Your Honor, is if -- I'm not
15   sure what the Government's defense is going to be.
16           THE COURT:  Right.
17           MR. MUNIZ:   -- and, if they're going to argue
18   parole evidence, I may need some more notice to have witnesses
19   here.
20           THE COURT:  Alright.
21           Well, what I think I'm going to do is say that it
22   is presumptively merged with the merits of the case, under
23   Rule 65, finality.
24           If one or the other of you, you know, at hearing,
25   as we start the hearing, not after you find out what I do,

1  but, as we start the hearing, says:  We need Discovery, or
2  something, here, I'll listen to that, but it strikes me that
3  it's a construction of a bit of language.
4              MR. GIEDT:  It's construction of a bit of language
5  in a Settlement Agreement that was entered in 2002.
6              THE COURT:  Right.
7              MR. GIEDT:  That's the way the Government is.
8              THE COURT:  So I don't see that I need anything
9  other than that, but you'll tell me if you don't.
10             Otherwise, I'm considering this to be a question of
11 a final injunction.
12             MR. GIEDT:  Yes.
13             THE COURT:  For it, okay?
14             Now, back to Count 1, how long is it going to take
15 to get the administrative record together; do you think?
16             MR. GIEDT:  I don't know exactly, but we have,
17 under the Magnuson Act, we have forty-five days to pull that
18 together, respond to the Complaint, in Count 1, and file an
19 administrative record with The Court.
20             I would hope I can pull it together quicker than
21 that.
22             THE COURT:  Is it forty-five days from when they
23 filed?
24             MR. GIEDT:  Forty-five days from being served with
25 the Complaint, and Mr. Muniz just told me that the

1  Amended Complaint constitutes the Complaint, that the one that
2  was filed earlier is superseded by the Amended Complaint.
3             So it would be forty-five days from last Wednesday,
4  the Twenty-fourth.
5             THE COURT:  I'm not sure I agree with that here.
6             I mean, you're not the one who is going to be
7  Xeroxing the administrative record, I suspect, but I think my
8  view is that it was placed in dispute; that is, the twenty-day
9  suspension was placed in dispute, by the Complaint that was
10 filed in April.
11            I don't know when it was served.
12            MR. GIEDT:  However, we were never served.
13            THE COURT:  You were never served?
14            MR. GIEDT:  No, we were never served.
15            THE COURT:  So that deals with that.
16            But I guess I would like to have a schedule that
17 would be encouraging to the collators of administrative
18 records to get this straightened away, so something more than
19 we're simply going to defer it.
20            If you can pull together for the hearing some sort
21 of proposed schedule to deal with Count 1.
22            MR. GIEDT:  For the Fifteenth.
23            THE COURT:  More specific -- yes.
24            MR. GIEDT:  Alright.
25            We can.

1        THE COURT:  Okay.

2        Okay?

3        Thank you very much.

4        We'll be in recess.

5        MR. GIEDT:  Thank you, Your Honor.

6        THE DEPUTY CLERK:  All rise.

7                   -  -  -

8        (The proceedings were concluded.)

9                   -  -  -

I N D E X

PAGE

Hearing                                                          3

- - -

DIANE M. MOLAS, RPR, DE & MA CSRs, and NJ CCR
USDC - MAD
OFFICIAL COURT REPORTER

|     |                                |
| --- | ------------------------------ |
| 1   | I N D E X                      |
|     | (CONTINUED)                    |
| 2   |                                |
| 3   | E X H I B I T S                |
| 4   |                                |
|     | (NO EXHIBITS WERE MARKED.)     |
| 5   |                                |
| 6   |                                |
| 7   |                                |
| 8   |                                |
|     |          -  -  -               |
| 9   |                                |
| 10  |                                |
| 11  |                                |
| 12  |                                |
| 13  |                                |
| 14  |                                |
| 15  |                                |
| 16  |                                |
| 17  |                                |
| 18  |                                |
| 19  |                                |
| 20  |                                |
| 21  |                                |
| 22  |                                |
| 23  |                                |
| 24  |                                |
| 25  |                                |

# **C E R T I F I C A T I O N**

       I, DIANE M. MOLAS, a Registered Professional Reporter (RPR), a Certified Shorthand Reporter (CSR) in the States of Delaware and Massachusetts, a Certified Court Reporter (CCR) in the State of New Jersey, and a Notary Public in the Commonwealth of Pennsylvania, do hereby certify that the foregoing is a true and accurate transcript of the proceedings reported by me, on June 30, 2009, and that I am neither counsel, nor kin, to any party or participant in said action, nor am I interested in the outcome thereof.

      /s/ Diane M. Molas
Diane M. Molas, RPR, DE & MA CSRs, and NJ CCR
   DE Certification Number 208-RPR
   MA Certification Number 149208
  NJ Certification Number 30XI00228400
  DATE, 7/6/09

- - -

*(The foregoing certification of this transcript does not apply to any reproduction of the same by any means, unless under the DIRECT CONTROL AND/OR SUPERVISION of the Certifying Court Reporter herself.  THE COURT REPORTER'S CERTIFICATION* <u>NEVER</u> *APPEARS AS A PHOTOCOPIED SIGNATURE.)*

- - -