# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

GLOUCESTER FISH EXCHANGE, INC.,

    Plaintiff,

    v.

GARY LOCKE, SECRETARY OF
COMMERCE, UNITED STATES
DEPARTMENT OF COMMERCE /
NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION AND
UNITED STATES OF AMERICA,

    Defendants.

**Civil Action No.: 09-cv-10694-DPW**

## DEFENDANTS' ANSWER
### TO PLAINTIFF'S AMENDED PETITION FOR REVIEW OF ADMINISTRATIVE DECISION AND VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

The named defendants (collectively "Government"), through undersigned counsel,

answer the titled and numbered paragraphs of the Plaintiff's Amended Petition (Docket No. 4) as

follows:

## INTRODUCTION

The allegations and requested relief contained in the Introduction constitute Plaintiff's

characterization of the alleged cause of action and the relief requested, to which no response is

required. To the extent a response is required, the Government denies the allegations set forth in

Introduction and avers that the Plaintiff is not entitled to any of the relief set forth and requested

in the Introduction.

## JURISDICTION

1.    The Government admits that jurisdiction is invoked under 16 U.S.C. § 1858 and 16

    U.S.C. § 1861; 8 U.S.C. § 2201; the Administrative Procedures Act, 5 U.S.C. §.702 and §

706; and the Fifth, Eighth and Fourteenth Amendments of the Constitution, however,

whether such jurisdiction exists is a conclusion of law to which no response is required.

## VENUE

2.    The Government admits that venue is invoked  pursuant to 28 U.S.C. § 1391(e), however,

whether such jurisdiction exists is a conclusion of law to which no response is required.

## PARTIES

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Denied.  The Office of General Counsel of the National Oceanic and Atmospheric

Administration ("NOAA"), assessed the penalties at issue on behalf of the National

Marine Fisheries Service ("NMFS").  NOAA, NFS and the Office of General Counsel are

within the Department of Commerce.

## FACTS

### A.  The Administrative Charges

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.   Admitted.

### B.  The Administrative Proceedings

11.   Admitted.

12.   The Government avers that the record of administrative proceedings to be reviewed in

this action is the best evidence of its content and what was presented by the parties.

13.     Denied.  The Government further avers that the record of administrative proceedings to

be reviewed in this action is the best evidence of its content and what was presented by

the parties.

14.     The Government avers that the document cited is the best evidence of its content.

15.     The Government avers that the document cited is the best evidence of its content.

16.     The Government avers that the document cited is the best evidence of its content.

17.     The Government avers that the document cited is the best evidence of its content.

18.     Admitted.

19.     Admitted.

21.     Admitted.

21.     The Government avers that the document cited is the best evidence of its content.  The

Government further responds that the events cited occurred in 2008.

22.     The Government avers that the document cited is the best evidence of its content.

23.     The Government avers that the document cited is the best evidence of its content.

24.     Admitted as to the first sentence.  Denied as to the second sentence on the basis that

Plaintiff's allegations reflect Plaintiff's characterization of the Government's actions

which characterization the Government disputes.  The Government avers that the

documents cited are the best evidence of their content.

25.     The Government avers that the document cited is the best evidence of its content.

26.     The Government avers that the document cited is the best evidence of its content.

27.     The Government avers that the document cited is the best evidence of its content.

## C.  GFX Standard Operating Procedures

28. The Government is without sufficient knowledge to confirm or deny the accuracy of this allegation.

29. The Government is without sufficient knowledge to confirm or deny the accuracy of this allegation.

30. The Government is without sufficient knowledge to confirm or deny the accuracy of this allegation.

31. The Government is without sufficient knowledge to confirm or deny the accuracy of this allegation.

32. The Government is without sufficient knowledge to confirm or deny the accuracy of this allegation.

33. Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

34.  Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

35. Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

36. Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient

knowledge to confirm or deny, or that the Government disputes.

37.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

38.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

39.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

40.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

41.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

42.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

43.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

44.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

45.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

### D.  The Events of February 11, 2004

46.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge  confirm or deny, or that the Government disputes.

47.     Admitted, except as to the approximate time of unloading, to which the Government is without sufficient knowledge to confirm or deny.

48.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

49.     Admitted.

50.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

51.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

52.  Admitted.

53.  Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

54.  Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

55.  Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

56.  The Government avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what testimony was presented by the parties.

57.  Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what testimony was presented by the parties.

58.  Admitted.

59.  The Government avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

60.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

61.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.

62.     Admitted.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

63.     Admitted.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

64.     Admitted.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

65.     Admitted.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

66.     Admitted.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

67.     Admitted.  The Government further avers that the record of administrative proceedings to

be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

68.     Admitted.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

69.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

70.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

71.     Denied.

72.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of circumstances at the GFX of which either the Government is without sufficient knowledge to confirm or deny, or that the Government disputes.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the

9

best evidence of its content and what evidence and testimony was presented by the parties.

73.    Denied.

74.    Admitted.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence and testimony was presented by the parties.

### E.  The Initial Decision Correctly Found That GFX Did Not Act Unlawfully

75.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the Government's contentions.  The Government further avers that the record of administrative proceedings to be reviewed in this action is the best evidence of its content and what evidence, testimony and contentions were presented by the parties.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

### F.  The Penalty Sought and Imposed Was Unconscionable

81.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the Government's practice which characterization the Government disputes.

82.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the Government's practice which characterization the Government disputes.

83.    Denied.

84.     Admitted.

85.     Denied.

86.     Denied.

87.Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of

the circumstances at the GFX of which either the Government is without sufficient

knowledge to confirm or deny, or that the Government disputes.  The Government further

avers that the record of administrative proceedings to be reviewed in this action is the

best evidence of its content and what evidence and testimony was presented by the

parties.

88.     Admitted.

89.     Admitted.

90.     The Government avers that the cited document is the best evidence of its content.

91.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the

circumstances at the GFX of which either the Government is without sufficient

knowledge to confirm or deny, or that the Government disputes.  The Government further

avers that the record of administrative proceedings to be reviewed in this action is the

best evidence of its content and what evidence and testimony was presented by the

parties.

92.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the

circumstances at the GFX of which either the Government is without sufficient knowledge to

confirm or deny, or that the Government disputes.  The Government further avers that the record

of administrative proceedings to be reviewed in this action is the best evidence of its content and

what evidence and testimony was presented by the parties.

93.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the

Government's position which characterization the Government disputes.  The Government

further avers that the record of administrative proceedings to be reviewed in this action is the best

evidence of its content and what evidence and testimony was presented by the parties.

94.    Denied.

## G.  NOAA's Latest Threat To Suspend GFX's Dealer Permit

95.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the

Government's position which characterization the Government disputes.

96.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the

circumstances at the GFX of which either the Government is without sufficient knowledge to

confirm or deny, or that the Government disputes.

97.     Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the

circumstances at the GFX of which either the Government is without sufficient knowledge to

confirm or deny, or that the Government disputes.

98.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the

circumstances at the GFX of which either the Government is without sufficient knowledge to

confirm or deny, or that the Government disputes.

99.    Admitted.  The Government further avers that the cited document is the best evidence of

its content.

100.    Admitted.  The Government further avers that the cited document is the best evidence of

its content.

101.    Admitted.  The Government further avers that the cited document is the best evidence of

its content.

102.    Denied.

103.    Denied.

104.    Admitted that a "final administrative decision" issued against GFX on April 1, 2009,

        denied as to the remainder of the allegation.

## COUNT I

**VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT APPEAL OF
AGENCY ACTION 5 U.S.C. § 706**

105.    The Government repeats and realleges its responses to paragraphs 1 through 104 of the

        Plaintiff's Amended Petition as if fully set forth herein.

106.    Denied in its entirety, on the basis that Plaintiff's allegations reflect Plaintiff's

        characterization of the cited document and that the document constitutes the best

        evidence of its content.

107.    Denied in its entirety.

108.    Denied, on the basis that Plaintiff's allegations reflect Plaintiff's characterization of the

action within the context of the cited document, which characterization  the Government

disputes.  The Government further avers that the entire record of administrative proceedings to be

reviewed in this action is the best evidence of its content and what evidence and testimony was

presented by the parties and what was determined.

109.    Denied.

## COUNT II – INJUNCTIVE RELIEF

110.    The Government repeats and realleges its responses to paragraphs 1 through 109 of the

Plaintiff's Amended Petition as if fully set forth herein.

111.    Denied.

112.    Denied.

119.    [sequence incorrect in Amended Petition] Denied.

120.    Denied.

120.    [sequence incorrect in Amended Petition] Denied.

## COUNT III – DECLARATORY RELIEF

121.    The Government repeats and realleges its responses to paragraphs 1 through 120 of the

Plaintiff's Amended Petition as if fully set forth herein.

122.    Denied.

## REQUEST FOR RELIEF

The Plaintiff's itemized requests for relief a through f, constitutes Plaintiff's prayer for

relief to which no response is required.  To the extent a response is required the Government

denies that the Plaintiff is entitled to any of the itemized relief a through f that is requested.

The Government hereby denies each and every allegation in Plaintiff's Amended Petition

not previously admitted or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Plaintiff's cause of action is limited to the Court's review of the administrative record

under the Administrative Procedures Act, 5 U.S.C. § 706(2), and relief can only be

granted if the Government's findings are not found to be supported by substantial evidence.

3.    The Government's final agency action, <u>In the Matter of Louis Mitchell and Gloucester Fish Exchange, Inc.</u>, NOAA Docket No. NE040024FM/V, is supported by substantial evidence.

4.    Defendants' final agency action, <u>In the Matter of Louis Mitchell and Gloucester Fish Exchange, Inc.</u>, NOAA Docket No. NE040024FM/V, was not arbitrary and capricious.

## ADMINISTRATIVE RECORD

Pursuant to Section 308(b) of the Magnuson-Stevens Act, 16 U.S.C. § 1858(b), a certified copy of the Administrative Record In the Matter of Louis Mitchell and Gloucester Fish Exchange, Inc., NOAA Docket No. NE040024FM/V, upon which Plaintiff's violations were found and penalties and permit sanctions were imposed, has been designated for the Court and is available to the Court in the offices of the United States Attorney through undersigned counsel. A copy of the Administrative Record, consisting of five 3-inch bound volumes,  is also been served on Plaintiff's counsel concurrent with the filing of this Answer.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL K. LOUCKS
Acting United States Attorney

By:   /s/ Anton P. Giedt    9/11/2009
Anton P. Giedt
Assistant U.S. Attorney
1 Courthouse Way
Boston, MA 02210
617-748-3309 (Voice)
617-748-3967 (Fax)
anton.giedt@usdoj.gov

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                                Boston, Massachusetts
DATE:September 11, 2009

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Plaintiff's counsel of record through electronic filing.

/s/ Anton P. Giedt
Anton P. Giedt
Assistant U.S. Attorney

16